**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Tirado-Herrera,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America,<br><br>    Respondent. | CASE NO. CV-05-655-TUC-FRZ<br>               CR-04-296-TUC-FRZ<br><br>**ORDER** |

Petitioner has filed a "Motion to Modify and Correct Sentence Pursuant to Title 28 U.S.C. §§ 2255."

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, in relevant part, that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

28 U.S.C. foll. § 2255.

**Background**

Pursuant to a plea agreement, Petitioner entered a plea of guilty to Count Two of the Indictment, which charged him with knowingly and intentionally importing into the United States approximately twenty-five pounds of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) and (b)(1)(B)(ii).

Pursuant to the plea agreement, Petitioner waived "any and all motions, defenses, probable cause determinations, and objections which [he] could assert to the information or indictment or to the Court's entry of judgment against [him] and imposition of sentence upon [him] consistent with [the plea] agreement." In addition, Petitioner waived "any right to collaterally attack [his] conviction and sentence under Title 28, United States Code, Section 2255." The plea agreement also provided that the government could withdraw from the plea agreement if Petitioner received a sentence of less than forty-five months' imprisonment.

The plea agreement provided for a sentencing range of 45-58 months. The Court imposed a sentence of forty-eight months.

## Discussion

**A.     Ineffective Assistance of Counsel**

**1.     Ineffective Assistance in Plea Agreement**

It appears that Petitioner may be asserting a claim of ineffective assistance of counsel relating to his decision to plead guilty. Petitioner alleges that "defense counsel misrepresented and misadvised the plea to the defendant about the condition of his plea bargain, specifically inquired by defendant, in as much as counsel knew that defendant's whole behavior and guilty plea was structured to avoid a plea agreement that would not result in a long sentence or a prison time" and that Petitioner "detrimentally rel[ied] on counsel's advice, [and] pleaded guilty to the charges."

When a defendant is represented by counsel during the plea process and pleads guilty based upon the advice of counsel, the defendant can "'only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel'" was outside "'the range of competence demanded of attorneys in criminal cases'" **and** was prejudicial. *Hill v. Lockhart*, 474 U.S. 52, 56-59, 106 S. Ct 366, 369-70, 88 L. Ed. 2d 203 (1985) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973), and *McMann v. Richardson,* 397 U.S. 759, 771, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970)). "[T]o satisfy the 'prejudice' requirement, the defendant must show that

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S. Ct. at 370.

Petitioner does not specify what advice counsel gave that fell outside the range of competence for criminal attorneys. Moreover, Petitioner faced a significantly more serious sentence had he been found guilty after a trial. He does not dispute that his Base Offense Level was 32, that he was eligible for a two-level reduction under the Safety Valve, and that he had a Criminal History I. Under the Sentencing Guidelines, the sentencing range for a Total Offense Level 30 and Criminal History I is 97-121 months. Petitioner has failed to demonstrate any reasonable probability that, when his "whole behavior" was structured to avoid a long prison sentence, he would have proceeded to trial facing a sentencing of 97-121 months, rather than accept a plea agreement which capped his sentence at 58 months.[1] Accordingly, Petitioner's claim fails. *See Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997) (Court "do[es] not have to evaluate both prongs of the [*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] test if the defendant fails to establish one.").

**2.   Ineffective Assistance at Sentencing**

**a.   Aberrant Behavior**

Petitioner alleges that his counsel was ineffective at sentencing because his attorney failed to request a downward departure based on Petitioner's aberrant behavior.

To prevail on a claim of ineffective assistance of counsel, Petitioner must show both that his counsel's representation fell below an objective standard of reasonableness **and** that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

Petitioner was not entitled to a downward departure based on his aberrant behavior. Under U.S.S.G. § 5K2.20(c)(3), the Court *cannot* depart downward based on aberrant

---

[1] Moreover, had Petitioner proceeded to trial, he would have also faced trial on Count One of the Indictment – possession with the intent to distribute approximately twenty-five pounds of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II).

1 behavior if the offense is a "serious drug trafficking offense." The Sentencing Commission
2 defines a "serious drug trafficking offense" as "any controlled substance offense under title
3 21, United States Code, other than simple possession under 21 U.S.C. § 844, that provides
4 for a mandatory minimum term of imprisonment of five years or greater, regardless of
5 whether the defendant meets the criteria of § 5C1.2 . . . ." U.S.S.G. § 5K2.20 n. 1.

6 Petitioner was charged with, and pled guilty to, a serious drug trafficking offense. *See*
7 21 U.S.C. § 960(a)(1) and (b)(1)(B). Therefore, he was not entitled to a downward departure
8 based on his aberrant behavior and his attorney's failure to request this departure did not
9 prejudice the defense. *See Strickland*. Thus, this claim of ineffective assistance of counsel
10 fails. *See Pollard*.

### b.    Deportable Alien Status

12 Petitioner alleges that his counsel was ineffective at sentencing because his attorney
13 failed to request a downward departure based on Petitioner's status as a deportable alien.

14 First, the Court was well aware at sentencing of Petitioner's status as a deportable
15 alien. Even if Petitioner's attorney had made the argument that the Court should depart
16 downward based on Petitioner's status as a deportable alien, this Court, in its discretion,
17 would not have departed downward. *See Lizarraga-Lopez v. United States*, 89 F. Supp. 2d
18 1166, 1170 (S.D. Cal. 2000) (concluding that defendant's "status as a deportable alien was
19 squarely within the 'heartland' of the Sentencing Guidelines and was specifically accounted
20 for in the early release statute"); *United States v. Martinez-Villegas*, 993 F. Supp. 766, 781
21 (C.D. Cal. 1998) (denying downward departure based on deportable alien status and noting
22 that "the Ninth Circuit has shown a reluctance to allow deportability status as a basis for a
23 downward departure"); *cf. United States v. Davoudi*, 172 F.3d 1130, 1133-34 (9th Cir. 1999)
24 (upholding district court's discretionary decision not to depart downward based on
25 deportable alien status).

26 Second, Petitioner notes that a "Memorandum to all Prosecutors (Federal)" dated
27 April 28, 1995, instructs federal prosecutors to recommend a one or two level downward
28 departure "in exchange for the alien's concession of deportability." Petitioner has presented

1  no evidence that he agreed to accept a final deportation order. Nor does he address whether
2  the United States Attorney for this District has chosen to make a downward departure
3  recommendation in exchange for a such an agreement, or whether this ten-year-old
4  memorandum is still in effect.

5  Finally, to the extent Petitioner may be asserting an equal protection argument when
6  he asserts that "he will be confined to a higher security than a comparable [A]merican
7  counterpart on accounts of factors unrelated to moral worthiness and be subjected to more
8  severe punishment" because he is required to spend "the last 10% of his sentence [in a
9  deportation center rather than in] minimum security confinement," the Court notes that the
10 Ninth Circuit Court of Appeals rejected Petitioner's argument in *McLean v. Crabtree*, 173
11 F.3d 1176 (9th Cir. 1999). In that case, the Ninth Circuit found that there was no equal
12 protection violation and held that "excluding prisoners with detainers from participating in
13 community-based treatment programs, and consequently from sentence reduction eligibility,
14 is at least rationally related to the BOP's legitimate interest in preventing prisoners from
15 fleeing detainers while participating in community treatment programs." *Id.* at 1186.

16 Because Petitioner's counsel's failure to seek a downward departure based on
17 Petitioner's deportable alien status did not prejudice the defense, this ineffective assistance
18 claim fails. *See Pollard*.

19              **c.    Fast Track/Early Disposition**

20 Petitioner contends his attorney was ineffective because his attorney failed to seek
21 downward departures pursuant to U.S.S.G. § 5K2.0 based on his compliance with a "Fast
22 Track" program and U.S.S.G. § 5K3.1 based on his compliance with an "Early Disposition"
23 program. These claims are without any merit. The Court actually did depart pursuant to the
24 plea agreement "based on § (5K3.1) Early Disposition Program and savings to the
25 government by early plea and waiver of appeal."

26
27
28

**B.     Blakely**

Petitioner contends that he is entitled to a downward departure based on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004).

The Supreme Court in *Blakely* applied its prior holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S. Ct. at 2536.  Petitioner has not identified how *Blakely* impacts his sentence.

## Conclusion

In light of the foregoing,

**IT IS ORDERED** that Petitioner's § 2255 Motion (U.S.D.C. document #34 in CR-04-296-TUC-FRZ) is **DENIED** and this case (CV-05-655-TUC-FRZ) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of the Motion and this order on Respondent and **SHALL SERVE** a copy of this order on Petitioner.

DATED this 7th day of November, 2005.

FRANK R. ZAPATA
United States District Judge